IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DONNA J. BEAULIEU, | * |
| | * |
| PLAINTIFF, | * |
| | * |
| vs. | * CIVIL ACTION NO.: 2:19-cv-01294-JHE |
| | * |
| WILLIAM BARR, U.S. ATTORNEY GENERAL/U.S. DEPARTMENT OF JUSTICE, | * |
| | * |
| | * |
| DEFENDANT. | * |

## AMENDED COMPLAINT

Comes the Plaintiff, Donna J. Beaulieu, and for her Complaint against the Defendant, William Barr, U.S. Attorney General/U.S. Department of Justice, and for the relief requested herein, would state the following

### PARTIES

1. At all times pertinent to this action, Plaintiff, Donna J. Beaulieu, is a resident of Shelby County, Alabama, and is a female over the age of forty (40) years, and a registered Alabama Republican voter. Plaintiff is an attorney licensed to practice in the State of Alabama and has been so since 1997. Plaintiff is not an employee of the government or any of its agencies (she is a self-employed attorney).

2. At all times pertinent to this action, Defendant, William Barr, is the Attorney General of the United States and the U.S. Department of Justice, the bureau responsible and liable to the Plaintiff for the injury(ies) alleged in this Complaint.

### JURISDICTION AND VENUE

3. This Court has original jurisdiction in this action pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 2000e-5, inasmuch as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.*, and the Age Discrimination in Employment Act of 1964 ("ADEA").

4. This District possesses venue of this matter pursuant to 42 U.S.C. Section 2000e-5(f)(3). The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal discrimination in hiring for employment. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## FACTS

5. On or about September 14, 2018, Plaintiff, Donna J. Beaulieu, applied electronically for a permanent, federal employment position as an Immigration Judge pursuant to Vacancy Announcement #: IJ-10294965-18-TW with the Department of Justice - Executive Office for Immigration Review ("EOIR"). The positions Plaintiff applied for were in Conroe, Texas, Fort Worth, Texas, and San Antonio, Texas. The salary for said position was indicated to be $132,606 to $174,500 per year (Grade: IJ-0905-00).

6. On October 2nd, 2018, Plaintiff received a Notice of Referral from the "usastaffingoffice" concerning her application. The Notice of Referral stated that Plaintiff's rating was "tentatively eligible" for the position(s) based on Plaintiff's "self-rating" of her qualifications, and that she was referred to the hiring manager(s) for all three positions in Texas. The Notice further stated that the letter served as "final notification" of Plaintiff's "status for referral," and that Plaintiff's responses were used to determine whether she fell "within the group

of best qualified candidates." The email Notice also stated that a "quality review was only completed of the candidates who were among the most highly qualified candidates for the position," and that if a person was "eligible and [their] application was not referred, it is because [their] responses to the assessment questionnaire did not place [them] among the most highly qualified candidates;" thus, Plaintiff, having been referred to a hiring manager, was considered among the most "highly qualified candidates."

7. Following the Notice of Referral, Plaintiff was never contacted by a hiring manager and Plaintiff heard nothing from anyone further about the referral or the positions. Plaintiff understood from information in the media that Immigration Judges were urgently needed and were urgent positions to fill. The announcement Plaintiff responded to appeared to be a reopening of positions for immigration judges which Plaintiff believed was due to the urgent need.

8. On November 8, 2018, Plaintiff requested a status of her application from EOIR. EOIR replied to Plaintiff that her application was still in review.

9. Despite being selected for referral as a highly qualified candidate, and believing that her application was not being considered for discriminatory reasons and to protect her rights, Plaintiff submitted an E-Filing Contact Sheet on November 14, 2018, to the Department of Justice ("DOJ"), Justice Management Division, Equal Employment Opportunity Staff ("EEO"), Washington, D.C. Plaintiff received an email acknowledgment the same day that the Contact Sheet was received and that Plaintiff's "EEO informal complaint" had been assigned to an EEO Specialist at the Department of Justice, Executive Office for Immigration Review, in Falls Church, Virginia. Plaintiff was told by the EEO Specialist that she had not been selected from

either the first or second round of candidates for interviews for the position.

10. Plaintiff went through the Equal Employment Opportunity Program steps at their direction. Plaintiff maintained that she had been discriminated against based on her age (over 40), race (white), color (white), sex (female), and political affiliation. These steps included Plaintiff filing a formal complaint of discrimination on January 28, 2019, pursuant to Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. Sec. 2000e, et seq.

11. On or about March 29, 2019, the DOJ/EEO found that Plaintiff's claim of discrimination based on race (white), color (white), sex (female) and age (date of birth: April 4, 1968) was dismissed based on an alleged failure to "state a claim or states a claim that is pending before or has been decided by agency or Commission." Though the EEO's decision to dismiss Plaintiff's claim is dated March 29, 2019, Plaintiff was deemed by the EEO to have received actual notice of the decision on May 15, 2019. Plaintiff received a copy of the same via certified mail after May 15, 2019. The EEO's dismissal notification provided Plaintiff information with regard to her right to file a lawsuit to protect her rights.

12. Plaintiff ran as a Republican candidate for two different seats on the State of Alabama Appellate courts (first in 2016 and then in 2018) but did not win.

## COUNT I

13. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

14. Plaintiff avers that in failing or refusing to hire Plaintiff, or to contact Plaintiff, deemed a highly qualified candidate, for an interview or otherwise provide her further employment consideration for the positions Plaintiff applied for, the Defendant, by and through

his agents and employees, discriminated against the Plaintiff in substantial part because of her sex (female), race (white) and color (white), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et. seq.

15. Defendant (through EOIR hiring managers and/or others) failed to take all reasonable and necessary steps to eliminate sex, race and color discrimination from the hiring process and implemented sex, race and color discrimination in failing or refusing to further consider Plaintiff for employment and to prevent the same from occurring in the future.

16. As a result of the Defendant's discrimination, the Plaintiff was unlawfully not considered for hire, was deprived of employment opportunities, and suffered emotional distress in not being considered for hire despite being among highly qualified candidates, especially when Plaintiff is qualified and immigration judges are urgently needed.

17. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, Plaintiff has been compelled to seek the protection of her rights in this lawsuit and seek damages, the full nature and extent of which are presently unknown to Plaintiff.

## COUNT II

18. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

19. Plaintiff avers that in failing or refusing to hire Plaintiff or to contact Plaintiff, deemed a highly qualified candidate, for an interview or otherwise provide her further employment consideration for the positions Plaintiff applied for, the Defendant, by and through his agents and employees, discriminated against the Plaintiff in substantial part because of her

age (over 40) in violation of the Age Discrimination in Employment Act of 1967; 29 U.S.C. § 623.

20. Defendant (through EOIR hiring managers and/or others) failed to take all reasonable and necessary steps to eliminate age discrimination from the hiring process and implemented age discrimination in failing or refusing to further consider Plaintiff for employment and to prevent the same from occurring in the future.

21. As a result of the Defendant's discrimination, the Plaintiff was unlawfully not considered for hire, was deprived of employment opportunities, and suffered emotional distress in not being considered for hire despite being among highly qualified candidates, especially when Plaintiff is qualified and immigration judges are urgently needed.

22. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, Plaintiff has been compelled to seek the protection of her rights in this lawsuit and seek damages, the full nature and extent of which are presently unknown to Plaintiff.

## COUNT III

23. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth herein.

24. Plaintiff avers that in failing or refusing to contact Plaintiff, deemed a highly qualified candidate, for an interview or to hire Plaintiff or otherwise provide her further employment consideration for the positions Plaintiff applied for, the Defendant, by and through his agents and employees, discriminated against the Plaintiff in substantial part because of her political affiliation (Republican). Plaintiff is qualified and immigration judges are urgently

needed.

25. Plaintiff avers that Defendant used Plaintiff's political affiliation as a pretext for discrimination based on her other protected traits as described in Counts I and II hereinabove, and made job decisions based on said discrimination.

26. Defendant (through its EOIR hiring managers and/or others) owed a duty to Plaintiff to refrain from engaging in pretextual political discrimination and breached such duty in failing to take all reasonable and necessary steps to ensure that fair, reasonable, non-discriminatory practices were being followed in the hiring process, and in failing to implement such practices when considering Plaintiff for employment and to prevent the same from occurring in the future.

27. As a result of the Defendant's discrimination/pretextual discriminatory practices, the Plaintiff was deprived of employment opportunities, and suffered emotional distress in not being considered for hire despite being among highly qualified candidates, especially when Plaintiff is qualified and immigration judges are urgently needed. Defendant's conduct is otherwise unlawful pursuant to 5 U.S. Code §2301(b)(2) and Plaintiff is an applicant for federal employment harmed by the pretextual discriminatory practices constituting political affiliation discrimination as described herein.

28. As a further direct and proximate result of Defendant's conduct, Plaintiff has been compelled to seek the protection of her rights in this lawsuit and seek damages, the full nature and extent of which are presently unknown to Plaintiff.

WHEREFORE, Plaintiff, Donna J. Beaulieu, demands judgment against the Defendants, in an amount which will compensate her for:

1. Violation of her rights under Title VII of the Civil Rights Act of 1964 and under the

Age Discrimination in Employment Act of 1967;

    2. Compensatory damages including the amount Plaintiff would have made if she had been hired (back pay, benefits, and other sums permitted under Title VII and any under the ADEA), for Defendant's pretextual discriminatory practices unlawful pursuant to 5 U.S. Code §2301(b)(2), and for and emotional distress, past and future, and the same in connection with Defendant's conduct as pled hereinabove;

    3. Punitive damages to punish the Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

    4. A permanent injunction against future acts of discrimination and harassment against Plaintiff by Defendant (EOIR and/or others);

    5. Out-of-pocket expenses and costs expended herein;

    6. Pre-judgment and post-judgment interest; and

    7. Any and all other relief to which she may be entitled.

                                      Respectfully submitted,
                                      By: _____
                                      Donna J. Beaulieu, Esq., Plaintiff
                                      P.O. Box 88
                                      Pelham, AL 35124
                                      Tel.: (205) 987-8787
                                      Email: donnabeaulieu@gmail.com

<u>Serve Defendant at</u>:
William Barr, U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

<u>Copy via U.S. Mail to</u>:
Civil Division, Process Clerk
United States Attorney's Office
1801 4th Avenue North, Birmingham, AL 35203